DINSMORE & SANDELMANN LLP
  FRANK SANDELMANN (SBN 186415)
  fsandelmann@lawinmb.com
  JOSHUA A. VALENE (SBN 292109)
  jvalene@lawinmb.com
  BRENNAN J. MITCH (SBN 279109)
  bmitch@lawinmb.com
324 Manhattan Beach Blvd., Suite 201
Manhattan Beach, CA 90266
Telephone:    (310) 318-1220
Facsimile:    (310) 318-1223

Counsel for Plaintiff Thomas H. Casey,
Chapter 7 Bankruptcy Trustee for
One Source Facility Maintenance, Inc.
and One Source Facility Solution, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>ONE SOURCE FACILITY MAINTENANCE, INC.,<br><br>Debtor(s) | **Lead Case No.: 8:18-bk-14512-ES**<br>**[Chapter 7]**<br><br>**Jointly Administered With:**<br><br>**Case No.: 8:18-bk-14511- ES** |
| In Re:<br><br>ONE SOURCE FACILITY SOLUTION, INC.<br><br>Debtor(s) | Adv No. _____<br><br>**CHAPTER 7 TRUSTEE'S ADVERSARY COMPLAINT:** |
| ☒ Affects All Debtors<br><br>THOMAS H. CASEY, Chapter 7 Bankruptcy Trustee for One Source Facility Maintenance, Inc. and One Source Facility Solution, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>DILIP JOSHI; NISHAN JOSHI; VASANTI JOSHI; ORLANDO A. MOLINA doing business as NORTH VALLEY CLEANING SERVICES; JPMORGAN CHASE BANK, N.A.; CITIBANK, N.A.; WELLS FARGO BANK, N.A.; FLAGSTAR MORTGAGE CORP.; NEW REZ, LLC; LOAN CARE, LLC; WEST ONE PROPERTY SERVICES, INC.<br><br>Defendants. | 1) **TO AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br><br>2) **FOR RECOVERY OF TRANSFERS;**<br><br>3) **FOR PRESERVATION OF TRANSFERS;**<br><br>4) **FOR DISALLOWANCE OF CLAIM**<br><br>[SUMMONS TO BE ISSUED] |

1
ADVERSARY COMPLAINT

Plaintiff THOMAS H. CASEY, Chapter 7 Trustee for the estates of Debtors One Source Facility Maintenance, Inc. and One Source Facility Solution, Inc. in the above-captioned Jointly Administered Bankruptcy Cases and plaintiff herein (the "Trustee" or "Plaintiff"), hereby respectfully alleges against the Defendants identified herein as follows:

## PRELIMINARY STATEMENT

1. This is a proceeding by the Trustee seeking an order of this Court avoiding and recovering payments made by the above-captioned debtors to the Defendants as fraudulent transfers pursuant to 11 U.S.C. section 544, 548, 550 and 551 and/or California Civil Code section 3439. Over the course of several years, Debtors One Source Facility Maintenance, Inc.'s ("Maintenance") and One Source Facility Solution, Inc.'s ("Solution") (collectively, "Debtors") funds were transferred out of the companies either to extract money for use by Defendant Dilip Joshi ("Dilip"), Dilip's wife Defendant Vasanti Joshi ("Vasanti"), and Dilip's son Defendant Nishan Joshi ("Nishan") or for directly paying Dilip's, Vasanti's, and Nishan's personal expenses that were wholly unrelated to the business of the Debtors such as Dilip's mortgage payments to Defendants Wells Fargo Bank, N.A. ("WFB"), Flagstar Mortgage Corp. ("Flagstar"), NewRez, LLC f.k.a New Penn Financial, LLC ("NewRez"), and LoanCare, LLC ("LoanCare"). This further included payments on Dilip's credit cards, which were issued by Defendants Citibank, N.A. ("Citi") and JPMorgan Chase Bank, N.A. ("Chase"). These are classic "upstream" constructive fraudulent transfers for inadequate/illegal consideration, due to the fact that an insolvent or undercapitalized corporation cannot lawfully distribute its assets for the benefit of its equity security holder(s) without making adequate provision to satisfy its creditors in full.

## JURISDICTION AND VENUE

2. Jurisdiction over this proceeding exists pursuant to 28 U.S.C. §§ 157 and 1334 because this action constitutes a proceeding arising under Title 11 of the United States Bankruptcy Code or arising in or related to the above-entitled Jointly Administered Bankruptcy Cases pursuant to Local Bankruptcy Rule 1015-1 (collectively, the "Main Case").

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409 because the

DINSMORE & SANDELMANN L.L.P.
324 MANHATTAN BEACH BLVD., SUITE # 201
MANHATTAN BEACH, CALIFORNIA 90266
(310) 318-1220

Debtors were domiciled in this District for at least 180 days prior to the commencement of the Main Case and because this adversary proceeding arises under and in connection with the Main Case, which is still pending.

4. This matter is a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2).

5. To the extent that Plaintiff asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e), who could have avoided the respective transfers alleged in this Complaint under California law or other applicable laws prior to the Petition Date (defined below).

6. This Complaint commences an adversary proceeding within the meaning of the Federal Rules of Bankruptcy Procedure, Rule 7001.

## **THE PARTIES**

7. Plaintiff is the duly appointed Chapter 7 Trustee of the Estates of Maintenance and Solution. Due to the fact that Plaintiff was not appointed until after the Petition Date, Plaintiff does not have personal knowledge of the facts alleged in the complaint that arose prior to the filing of the Main Case, and therefore alleges all of those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendants and to challenge and recover transfers made to or for the benefit of any of the Defendants in addition to those transfers alleged int this Complaint.

8. Plaintiff is informed and believes and based thereon alleges that Dilip is an individual residing in the State of Texas and is an insider within the meaning of 11 U.S.C. § 101(31).

9. Plaintiff is informed and believes and based thereon alleges that Vasanti is an individual residing in the State of Texas and is an insider within the meaning of 11 U.S.C. § 101(31).

10. Plaintiff is informed and believes and based thereon alleges that Nishan is an individual residing in the State of California and is an insider within the meaning of 11 U.S.C. §

101(31).

11.   Plaintiff is informed and believes and based thereon alleges that Molina is an individual residing in the State of California.

12.   Plaintiff is informed and believes and based thereon alleges that Chase is a bank organized under the National Bank Act that does business in the State of California.

13.   Plaintiff is informed and believes and based thereon alleges that Citi is a bank organized under the National Banking Act that does business in the State of California.

14.   Plaintiff is informed and believes and based thereon alleges that WFB is a bank organized under the National Banking Act that does business in the State of California.

15.   Plaintiff is informed and believes and based thereon alleges that Flagstar is a Maryland corporation doing business in the State of California.

16.   Plaintiff is informed and believes and based thereon alleges that NewRez is a Delaware limited liability company doing business in the State of California.

17.   Plaintiff is informed and believes and based thereon alleges that LoanCare is a Virginia limited liability company doing business in the State of California.

18.   Plaintiff is informed and believes and based thereon alleges that West One Property Services, Inc. ("West One") is a California Corporation doing business in the State of California.

## GENERAL ALLEGATIONS

19.   Plaintiff is informed and believes and based thereon alleges that Solution was incorporated on or about November 29, 2005 and was, at all relevant times, a California corporation engaged in the business of providing janitorial services to its customers. At all relevant times, Solution was 100% owned and controlled by Dilip and Vasanti.

20.   Plaintiff is informed and believes and based thereon alleges that Maintenance was incorporated on or about May 25, 2017 and was, at all relevant times, a California corporation engaged in the business of providing janitorial services to its customers. At all relevant times, Maintenance was 100% owned and controlled by Dilip, Vasanti, and Nishan.

21.    Almost immediately after incorporation, Dilip and Vasanti began mismanaging

Case 8:20-ap-01170-ES    Doc 1    Filed 12/09/20    Entered 12/09/20 19:00:09    Desc
Main Document    Page 5 of 13

the Debtors so that they were unable to pay their obligations.

22. Further, Dilip and Vasanti embarked on a scheme to loot the gross revenue of the Debtors to make massive, unreasonable distributions to themselves and their family.

23. Plaintiff is informed and believes and based thereon alleges that Dilip looted more than $139,180.43 in corporate funds from Debtors' bank accounts, via direct payments or personal withdrawals, to directly pay for Dilip's personal expenses, including mortgage payments for his houses in the cities of Norco and Orange, property taxes for his house in Las Vegas, Nevada, homeowners' insurance for his Las Vegas house, utility bills for his various homes, life insurance premiums, and Medicare premiums.

24. Plaintiff is informed and believes and based thereon alleges that Dilip also used corporate credit cards to pay for purely personal expenses and used corporate funds to pay off purely personal credit card debt, in a total amount exceeding $192,373.56. These personal expenses included but were not limited to domestic and international airfare for personal travel, vacation expenses, gas stations, grocery stores, spas, drug stores, and department stores.

25. Between January and August of 2018, Dilip wrote more than a dozen checks for a total of $96,760.00 for purported loans to Molina from Maintenance's accounts for the alleged purpose of starting to a new business with Molina.

26. After Maintenance ceased operating in 2018, Dilip made several transfer or withdrawals totaling $81,660.00 to himself from Maintenance's bank accounts.

27. After Maintenance ceased operating in 2018, Vasanti made several transfers or withdrawals totaling $4,100.00 to herself from Maintenance's bank accounts.

28. Plaintiff is informed and believes and based thereon alleges that Dilip transferred $10,690.00 from Solution to West One, a company owned by Nishan and in which Dilip was an officer.

29. .

30. Plaintiff is informed and believes and based thereon alleges that more than $500,000.00 in corporate funds from Debtors were spent or transfer or withdrawn for improper personal purposes while Debtors owed outstanding liabilities to creditors.

5
ADVERSARY COMPLAINT

31. Plaintiff is informed and believes and based thereon alleges that at no time prior to the Petition Date were the Debtors required or otherwise obligated to pay or otherwise transfer money of the Debtors to the Defendants. The transfers and payments alleged herein shall be collectively referred to as the "Subject Transfers."

32. Debtors filed their respective Voluntary Petition(s) for Chapter 7 Bankruptcy (the "Petitions") on December 11, 2018 (the "Petition Date").

33. The Trustee brings the instant adversary proceeding to, *inter alia*, avoid and recover the above-referenced funds for the benefit of the Estate.

34. Trustee reserves his right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtors' assets or additional liabilities incurred by the Debtors, (ii) make modifications and/or revisions to Defendants' name(s), (iii) allege claims against additional Defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint, including the date upon which this original Complaint was filed.

## **FIRST CLAIM FOR RELIEF**

**(Against Defendants To Avoid And Recover Fraudulent Transfers –**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07)**

35. The Trustee incorporates herein by this reference paragraphs 1 through 34, inclusive, of this Complaint as if set forth in full herein.

36. Plaintiff is informed and believes and based thereon alleges that, as of the date of the Order For Relief, the Debtors maintained at least one general unsecured creditor having standing to bring these claims under state law.

37. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtors and Defendants which would have otherwise caused the Debtors to make the Subject Transfers, and each of them, to Defendants.

38. Plaintiff is informed and believes and based thereon alleges that, during the four years preceding the Petition Date, the Debtors transferred the Subject Transfers, and each of them, for no or little consideration to the Defendants. The subject transfers constituted illegal dividends to equity holders by an insolvent corporation.

39. Plaintiff is informed and believes and based thereon alleges that the Subject Transfers, and each of them, to Defendants were made with the actual intent to hinder, delay and defraud Debtors' creditors.

40. The Subject Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee

## SECOND CLAIM FOR RELIEF

**(Against Defendants For Recovery of Property – 11 U.S.C. § 550)**

41. The Trustee incorporates herein by this reference paragraphs 1 through 40, inclusive, of this Complaint as if set forth in full herein.

42. Defendants, and each of them, were the initial transferee of the Subject Transfers or the entity for whose benefit the Subject Transfers were incurred, or is the immediate or mediate transferee of the initial transferee benefiting from such Subject Transfers, or any of them.

43. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the value of the property transferred in the Subject Transfers, together with interest thereon, as set forth above

## THIRD CLAIM FOR RELIEF

**(Against Defendants For Preservation of Avoided Transfers - 11 U.S.C. § 551)**

44. The Trustee incorporates herein by this reference paragraphs 1 through 43, inclusive, of this Complaint as if set forth in full herein.

45. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 544 including the Obligations, for the benefit of the estates.

///
///

## FOURTH CLAIM FOR RELIEF

### (Against Defendants For Disallowance Of Claim – 11 U.S.C. § 502(d))

46. The Trustee incorporates herein by this reference paragraphs 1 through 45, inclusive, of this Complaint as if set forth in full herein.

47. The Defendants is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or the Defendants received avoidable transfers under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

48. The Defendants have not paid the amount or turned over any such property for which the Defendants is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

49. Pursuant to 11 U.S.C. § 502(d), the Defendants' claims, to the extent that the Defendants asserts a claim or claims, should be disallowed.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a determination by the Court that the Subject Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439 et seq.;

2. For a determination by the Court that the Subject Transfers were preferential transfers within the meaning of 11 U.S.C. §§ 547 and 550;

3. For judgment against Defendants avoiding the Subject Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtors' Estates;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

DINSMORE & SANDELMANN LLP
FRANK SANDELMANN
JOSHUA A. VALENE
BRENNAN J. MITCH

Dated: December 9, 2020        By:    /s/ Brennan Mitch
                                       Attorneys for Chapter 7 Trustee
                                       THOMAS H. CASEY

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Thomas H. Casey, Chapter 7 Trustee for the estate of One Source Facility Maintenance, Inc. and One Source Facility Solution, Inc. | **DEFENDANTS**<br>Dilip Joshi; Nishan Joshi; Vasanti Joshi; Orlando A. Molina doing business as North Valley Cleaning Services; JPMorgan Chase Bank, N.A.; Citibank, N.A.; Wells Fargo Bank, N.A.; Flagstar Mortgage Corp.; New Rez, LLC; Loan Care, LLC; West One Property Services, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DINSMORE & SANDELMANN LLP<br>FRANK SANDELMANN (SBN 186415)<br>JOSHUA A. VALENE (SBN 292109)<br>BRENNAN J. MITCH (SBN 279109)<br>324 Manhattan Beach Blvd., Suite 201<br>Manhattan Beach, CA 90266 / Telephone: (310) 318-1220 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>(1) To Avoid and Recover Fraudulent Transfers 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07; (2) Recovery of Property – 11 U.S.C. § 550; (3) Preservation of Avoided Transfers - 11 U.S.C. § 551; (4) Disallowance Of Claim – 11 U.S.C. § 502(d) ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $524,764 |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>One Source Facility Maintenance, Inc. | BANKRUPTCY CASE NO.<br>8:18-bk-14512-ES | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Erithe A. Smith | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Brennan J. Mitch | | | |
| DATE<br><br>December 9, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Brennan J. Mitch | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DINSMORE & SANDELMANN LLP<br>FRANK SANDELMANN (SBN 186415)<br>fsandelmann@lawinmb.com<br>JOSHUA A. VALENE (SBN 292109)<br>jvalene@lawinmb.com<br>BRENNAN J. MITCH (SBN 279109)<br>bmitch@lawinmb.com<br>324 Manhattan Beach Blvd., Suite 201<br>Manhattan Beach, CA 90266<br>Telephone: (310) 318-1220<br>Facsimile: (310) 318-1223<br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>ONE SOURCE FACILITY MAINTENANCE, INC.,<br>-------------------------------------------------------------------------<br>ONE SOURCE FACILITY SOLUTION, INC.<br><br>Debtor(s). | CASE NO.: 8:18-bk-14512-ES<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| THOMAS H. CASEY, Chapter 7 Bankruptcy Trustee for One Source Facility Maintenance, Inc. and One Source Facility Solution, Inc.,<br><br>Plaintiff(s)<br>Versus<br>Dilip Joshi; Nishan Joshi; Vasanti Joshi; Orlando A. Molina doing business as North Valley Cleaning Services; JPMorgan Chase Bank, N.A.; Citibank, N.A.; Wells Fargo Bank, N.A.; Flagstar Mortgage Corp.; New Rez, LLC; Loan Care, LLC; West One Property Services,<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____   **Address:**
**Time:** _____   ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____   ☐ 3420 Twelfth Street, Riverside, CA 92501
☒ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 1    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                 **KATHLEEN J. CAMPBELL**
                                                 **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                  Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

_____

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
Date        Printed Name        Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 3    **F 7004-1.SUMMONS.ADV.PROC**